UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-20780-ARTAU/TORRES

MANDRIEZ SPIVEY,

 Plaintiff,

v.

CK CARLTON, *et al.*,

 Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## TO PROCEED *IN FORMA PAUPERIS*

This cause comes before the Court on Plaintiff, Mandriez Spivey's Motion for Leave to Proceed in Forma Pauperis [D.E. 3], that was filed pro se on February 19, 2025. The matter was assigned to the Undersigned Magistrate Judge for appropriate disposition. [D.E. 6]. Upon consideration of the Motion and the supporting financial affidavit and record, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion is **DENIED** with leave to renew in compliance with this Order. It is also ORDERED that Plaintiff show cause, either in the form of a written response to this Order or through an Amended Complaint, why the action should not be dismissed.

2. Plaintiff's financial affidavit filed as part of the Motion satisfies the economic eligibility requirements of 28 U.S.C. § 1915(a).

3. But upon review of the pro se complaint, the Court finds that Plaintiff must at this stage show cause why this Court has jurisdiction over the action.

1

4. Plaintiff's Complaint alleges that in 2022, while in custody at Miami's Federal Detention Center, he was "improperly found with mental health issues by the psychologist and the warden failed to investigate." [D.E. 1 at § IV(D)]. He further alleges that he was the victim of excessive force because the dentist at the detention center "pull[ed] and pushed unnecessary[ily] on [his] face and mouth" then put an unnecessary stitch in Plaintiff's mouth. [*Id.*]. As a result of these alleged transgressions, Plaintiff seeks $5,000,000.00. [*Id.* at § V].

5. We by no means assess the ultimate merit of Plaintiff's allegations at this early stage. But upon review of the pro se Complaint, the Court finds that Plaintiff must at this stage at least plausibly allege the Court's jurisdiction. The Court is required to consider this preliminary question under section 1915, which is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *See, e.g., Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must initially determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). If so, the court must then determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). It is this latter inquiry that prevents us from granting immediate relief on the motion at this stage of the case.

6. Namely, the Complaint does not include nearly enough detail to stave off a finding that the Complaint is frivolous. Plaintiff purports that his Complaint includes a *Bivens* claim. To state a *Bivens* claim, Plaintiff must allege that "(1) they suffered a deprivation of 'rights, privileges or immunities secured by the Constitution and laws' of the United States, and (2) that the act or omission causing the deprivation was committed by a person acting under color of law." *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).

7. Here, Plaintiff alleges in vague terms that he received improper dental care at the detention center, and that he was improperly found to have "mental health issues." [D.E. 1 at § IV(D)]. Without more factual allegations, it is unclear how Plaintiff suffered any constitutional deprivation, and how the actors inflicted those constitutional deprivations while acting under the color of law. And because Plaintiff's allegations lack arguable merit under federal law, the Court wants for jurisdiction. *See Washington v. Leland Enters.*, No. 10-14358-CIV, 2011 WL 13154061, at *1 (S.D. Fla. Jan. 6, 2011) (citing 28 U.S.C. § 1915(e)(2)) ("The Court must dismiss in forma pauperis proceedings if they are frivolous."); *Nalls v. Star Motors, LLC*, No. 09-60623-CIV, 2009 WL 10698589, at *1 (S.D. Fla. Apr. 30, 2009), *aff'd*, 359 F. App'x 127 (11th Cir. 2010) (denying motion to proceed in forma pauperis where the plaintiff failed "to allege enough facts to 'to raise a right to relief above the speculative level'").

8. In sum, without a showing of cause, either in the form of a written response to this Order or even better an amended complaint that addresses these pleading issues, the Court presently cannot find a basis to exercise subject matter jurisdiction. And, if that is the case, the motion for in forma pauperis treatment can be denied under 28 U.S.C. § 1915.

9. Alternatively, Plaintiff may elect to proceed with his current complaint but must then submit the required filing fee with the Clerk of the Court in order to prosecute his action. So, for now, the pending Motion is Denied without prejudice. But failure to comply with this Order in one way or another may result in dismissal of the action. Plaintiff must fully comply with this Order by no later than November 6, 2025.

**DONE and ORDERED** in Chambers at Miami, Florida this 22nd day of October, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge